UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Irby Gene Dewitt, | ) C/A No. 9:10-2573-TLW-BM |
|---|---|
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden John R. Owens, | ) |
| Respondent. | ) |

The petitioner is a federal prisoner at the Federal Correctional Institution in Williamsburg, South Carolina (FCI)-Williamsburg. On December 20, 2005, Petitioner was sentenced in this Court to three hundred and twelve (312) months incarceration and three (3) years of supervised release upon his conviction for one count of "Hobbs Act Robbery" and "brandishing a firearm during a crime of violence." ECF No. 1, page 3; ECF No. 1-1, page 4. Petitioner indicates that he did not file a direct appeal of his federal conviction. ECF No. 1, page 4. However, Petitioner did file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was dismissed with prejudice on May 5, 2010. *See Dewitt v. U.S.*, Civil Action No. 4:09-70083, Criminal No. 4:04-795, 2010 WL 1838960 (D.S.C. May 5, 2010).

Petitioner appealed the dismissal of his § 2255 motion to the United States Court of Appeals for the Fourth Circuit, which denied Plaintiff a certificate of appealability and dismissed the appeal on October 27, 2010. *See U.S. v. Dewitt*, No. 10-6751, 2010 WL 4269471 (4th Cir. Oct. 27, 2010). Petitioner now seeks to invoke 28 U.S.C. § 2241, asking this Court to re-sentence him without "the Career Offender Enhancement." ECF No. 1, page 9.

1



## DISCUSSION

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even so, the *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Section 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence only if he or she can satisfy the mandates of the so-called § 2255 'savings clause.' *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

2



In other words, as applied here, the petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The petitioner has failed to make such a showing. The fact that petitioner did not prevail in his prior § 2255 action does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, the petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34. Here, petitioner provides no factual information to demonstrate that the conduct for which he was convicted has been deemed non-criminal. Instead, petitioner alleges that the denial of counsel during a 1995 guilty plea in State Court for distribution of crack cocaine renders petitioner's classification as a career offender improper. ECF No. 1, page 5; ECF No. 1-1, page 5. Thus, petitioner alleges that the savings clause should be invoked, because he is "actually innocent" of a sentence enhancement.

The reach of the savings clause has not been extended to prisoners who challenge only their sentences. *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009). *See also United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008)("[T]he



savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor."). Thus petitioner's action, seeking a determination that he is actually innocent of a sentence enhancement, fails to state a cognizable § 2241 claim. *See Riddle v. Mitchell*, C/A No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. April 27, 2010 )(finding improper a § 2241 claim, which contended that the petitioner's enhancement for failure to stop for a blue light no longer qualified as a violent offense); *Darden v. Stephens,* No. 5:09-HC-2152-FL, 2010 WL 3732174 (E.D.N.C. Sept. 20, 2010). *Cf. United States v. Williams*, 09-7617, 2010 WL 3760015 (4th Cir. Sept. 24, 2010)(finding prisoner actually innocent of being an armed career criminal in an appeal of an order denying § 2255 relief); *United States v. Maybeck*, 23 F.3d 888, 893-94 (4th Cir. 1994) (finding for petitioner, in a § 2255 action, that he was actually innocent of the classification as a career offender and remanding for re-sentencing).

**RECOMMENDATION**

Accordingly, it is recommended that this habeas petition be dismissed, *without prejudice,* and without requiring the respondent to file a return.

The petitioner's attention is directed to the important notice on the next page.

 

_____

November 18, 2010　　　　　　　　　　　　　　Bristow Marchant
Charleston, South Carolina　　　　　　　　　　United States Magistrate Judge



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).